UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELANIE M. R.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 3:24-cv-05201-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

　　　　On June 16, 2020, Plaintiff filed an application for DIB and SSI alleging disability which was denied initially and upon review. The alleged date of onset is March 1, 2020. AR 1090. Plaintiff sought review in this Court (3:22-cv-5529-BAT), and on December 15, 2022, this Court reversed and remanded the case, based on a stipulation of the parties, for further administrative proceedings. AR 1180-1193. On January 24, 2023, the

Appeals Council issued a Notice of Order containing instructions upon remand. AR 1194-1198.

On August 22, 2023, ALJ Allen G. Erickson held another hearing, which resulted in a decision that found plaintiff did not meet the criteria for disability. AR 1084-1099. Plaintiff subsequently filed this appeal.

The ALJ found plaintiff had the following severe impairments: Fibromyalgia; Bilateral Carpal Tunnel Syndrome; PTSD; Depressive Disorder; Cervical Spine Degenerative Disc Disorder and Degenerative Joint Disorder. AR 1090. Based on the record and the testimony of the vocational expert, the ALJ determined plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except:

> Occasional climbing of ladders, ropes, scaffolds; occasional crawling; occasional exposure to vibration; occasional exposure to extreme cold temperatures; frequent but not constant handling and fingering bilaterally. The claimant can understand, remember, and apply detailed not complex instructions; perform predictable tasks; not in fast paced production type environment such as where there is an assembly line or high hourly quota; can have occasional interaction with the general public; and can be exposed to occasional workplace changes.

AR. 1093. As a result, the ALJ found plaintiff could perform the requirements of the following occupations: assembler, electrical accessories (DOT 729.687-010); routing clerk (DOT 222.687-022); and inspector/hand packager (DOT 559.687-074). AR 1099.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessment of the opinion of Dr. Mallory Davis.

Plaintiff filed the claim on June 16, 2020 so the ALJ applied the 2017 regulations. *See* AR 15. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi,* 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

Plaintiff argues that the ALJ's evaluation of Dr. Davis's opinion is not supported by substantial evidence. Dkt. 7 at 3. Dr. Davis completed a Fibromyalgia Medical Source Statement on 10-23-2020 concerning plaintiff. AR 559-565. Dr. Davis opined that plaintiff's symptoms and associated conditions included: severe fatigue, depression, anxiety disorder, muscle pain, numbness or tingling, muscle weakness, abdominal pain, frequent severe headaches, constipation, dizziness, nausea, nervousness, pain in upper abdomen, irritable bladder syndrome, panic attacks, chronic fatigue, and temporomandibular joint disorder. AR 559-560. She opined that fatigue, movement/overuse, stress, sleep problems, and static position precipitates plaintiff's pain. Further, while it was "unclear," Dr. Davis opined that emotional factors contributed to the severity of plaintiff's symptoms. *Id.*

Dr. Davis stated that plaintiff's fibromyalgia would last at least twelve months, and as a result of her impairments, plaintiff would have a "poor ability to compete with physical tasks.".AR 562. Dr. Davis stated that plaintiff could have the stamina and endurance to work an 8 hour per day job, 5 days per week if not exertional, would not require a job that permits shifting positions at will from siting, standing or walking, would

4

need to walk around every 30 minutes, and would be absent from work at least four days per month. AR 562. Dr. Davis recommended medication (gabapentin and tizanidine), sleep hygiene, tai chi and functional restoration clinic. AR 561.

The ALJ found Dr. Davis's opinion to be not persuasive because it was not consistent with examinations throughout the record, not supported by plaintiff's own activities, and not supported by the conservative treatment provided to plaintiff. AR 1096.

The ALJ found that Dr. Davis's opinion was inconsistent with plaintiff's "own reported activities", including sitting and watching TV, walking her dog, and traveling to and from Georgia. AR 1096. Plaintiff stated that she spent a lot of time watching television sitting there with her grandmother (AR 1139), which would be incompatible with the opinion of Dr. Davis that plaintiff could not maintain a sitting position for a prolonged period (AR 562). Plaintiff testified that she flew to Georgia from Washington State, and stayed in Georgia to visit with relatives for six months, as her grandmother was in hospice. AR 1133-1140. Many family members were there, and plaintiff stated that she was using her grandmother's car during that visit. AR 1139-1140. Although plaintiff stated that she was in a room of her own during the stay in Georgia, she also stated that she was "happy with the way it all happened", spent quality time with her grandmother, and used the car when needed. AR 1133-1140, 1146-1147.

Dr. Davis opined that plaintiff suffered from "daily" and "severe" symptoms (AR 561) and recommended that plaintiff walk every 30 minutes for 10 minutes at time (AR 562) and elevate her feet about one foot for 50% of the day (AR 563).

The inconsistencies between the evaluation report by Dr. Davis and Plaintiff's report of her activities is reasonable. An ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Even if plaintiff's alternative interpretation of the evidence related to her activities is also reasonable, it would not establish that the ALJ's finding is unreasonable. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (It is not the court's role to "second-guess" an ALJ's reasonable interpretation of a claimant's testimony).

The ALJ, therefore, did not err in rejecting Dr. Davis's opinion. Because the ALJ relied on at least one legally valid reason, supported by substantial evidence, the Court declines to discuss the other reasons. Any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 ("[W]here the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record," "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'").

2. **Whether the RFC is sufficient**

Plaintiff alleges that the ALJ's RFC is legally erroneous because it does not include all of the limitations described by Dr. Davis. Dkt. 7 at 5. Because the Court has already determined that the ALJ did not err in rejecting this opinion, there is no error.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>AFFIRMED.</u>

Dated this 10th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge